[No. 6222.]

AMANDA P. BERRY AND ED. T. R. BERRY v. BLAS
IVANICE.

53  653
146  415

TRESPASS—ERRONEOUS JUDGMENT MODIFIED.—Where, in an action for dam-
ages to real property by trespass and for an injunction, the judgment was
that the plaintiffs were and had been the owners of the land, and were en-
titled to the possession thereof, and also for damages, an injunction, and for
costs: *held*, that so much of the judgment as declared the plaintiffs to have
been the owners or entitled to the possession of the real estate was errone-
ous, and the same should be struck out.—[REPORTER.]

APPEAL from the District Court of the Eleventh Judicial
District, El Dorado County.

The action was brought for damages alleged to have been
caused the plaintiffs' land by the defendant in mining for gold
upon a portion of the land, and for an injunction to restrain fur-
ther trespass.   The defendant claimed the right to mine upon
the land under a contract between him and R. K. Berry, dated
June 11th, 1868, in which Berry, who was then the owner of
the land, agreed to permit the defendant to mine the ground, in
consideration of the payment by the defendant of one-tenth of
the gross proceeds taken out of the ground.   R. K. Berry died
in 1871, and the plaintiffs—the widow and adult son of Berry
—were the only heirs.   This action was commenced in January,
1878, by the plaintiffs in their individual names, and not as the
legal representatives of R. K. Berry.   Judgment was rendered
for the plaintiffs, and the defendant appealed.   The other facts
are stated in the opinion.

*Chas. F. Irwin* and *G. J. Carpenter*, for Appellant.

*Geo. G. Blanchard* & *W. W. Likens*, for Respondents.

By the COURT:

The complaint is to recover damages for alleged trespasses
and for an injunction.   The Court instructed the jury as fol
lows: "If the jury find from the evidence that the plaintiffs
were in possession of the premises described in the complaint,

and have been since the death of R. K. Berry, then the plaintiffs have power and authority to sue."

The complaint alleged that the plaintiffs were the owners in *fee simple*, and in possession of the premises, but the jury, as will be seen, were informed that it was not necessary to find the plaintiffs to be the owners to justify a verdict for damages, if they were in possession at the time the trespasses were committed. Yet, on the coming in of the verdict for one dollar damages, the Court below proceeded to adjudge and decree that the plaintiffs were, at the commencement of the action, and for a long time prior thereto had been, the owners and entitled to the possession of the real estate.

The present is not an action brought under sec. 738 of the Code of Civil Procedure, for the purpose of determining an adverse claim on the part of the defendant, since there is no averment in the complaint that defendant claims any estate or interest in the real property adverse to plaintiffs. It follows that the portion of the judgment which adjudges the plaintiffs to be the owners and entitled to the possession, is erroneous.

Judgment reversed and cause remanded, with directions to the District Court to modify the judgment by striking out therefrom all that portion thereof which adjudges and decrees the plaintiffs to be or to have been the owners, or entitled to the possession of the real estate described in the complaint. Remittitur forthwith,